1 **THE LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. SBN #144074
2 dalekgalipo@yahoo.com
Eric Valenzuela, Esq. SBN #284500
3 evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
4 Woodland Hills, CA 91367
T: (818) 347-3333; F: (818) 347-4118
5
6 Luis A. Carrillo, Esq., SBN 70398
Michael S. Carrillo, Esq., SBN 258878
7 **CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
8 South Pasadena, CA 91030
Tel: (626) 799-9375
9 Fax: (626) 799-9380

10 *Attorneys for Plaintiff, Omar Magana*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAGANA, individually and as successor in interest to Omar Magana,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipality; OFFICER MARIO MORALES; and DOES 2-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-03631-CAS-AGR<br><br>[*Hon. Magistrate Alka Sagar*]<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Excessive Force (§1983)<br>2. Fourteenth Amendment – Interference with Familial Relations (§1983)<br>3. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Battery – Wrongful Death<br>7. Negligence – Wrongful Death<br>8. Bane Act (Cal. Civ. Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

-1-

# INTRODUCTORY STATEMENT

1. This is a civil rights officer-involved shooting-death case in which Plaintiff brings survival and wrongful death claims under state and federal law in connection with the fatal shooting of the decedent, Omar Magana, on June 9, 2018, at Adventist Health White Memorial Hospital in Los Angeles, California.

# PARTIES

2. At all relevant times, Omar Magana (hereinafter, "MAGANA") was an individual residing in the County of Los Angeles, State of California. At the time of MAGANA's death, MAGANA was unmarried and had no children.

3. Plaintiff JOSE MAGANA is and was, at all times pertinent hereto, an individual residing in the County of Los Angeles, California, and was at all relevant times, MAGANA'S father, heir-at-law, survivor, and successor in interest as defined in California Code of Civil Procedure §§377.11 and 377.30. Plaintiff JOSE MAGANA brings survival claims under state and federal law in his capacity as successor in interest to MAGANA and in his individual capacity on his own behalf for wrongful death damages.

4. JOSE MAGANA has executed and/or will execute and file the declaration under penalty of perjury required by California Code of Civil Procedure §377.32.

5. Defendant CITY OF LOS ANGELES ("CITY") is and was, at all times pertinent hereto, a municipal corporation and political subdivision organized and existing under the laws of the State of California. CITY owns, operates, manages, directs, and controls the City of Los Angeles Police Department ("LAPD"). CITY is liable for the nonfeasance and malfeasance of MARIO MORALES and DOES 2-10 as to Plaintiff's state law claims pursuant to Cal. Govt. Code § 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise

to a cause of action against that employee or his personal representative."). As to Plaintiff's state law claims, MARIO MORALES and DOES 2-10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). CITY is also liable pursuant to Cal. Govt. Code § 815.6.

6. At all relevant times, Defendant OFFICER MARIO MORALES is and was a duly authorized employee and agent of the CITY who was acting under the color of law within the course and scope of his duties as a Los Angeles City Police Officer and with complete authority and ratification of his principal, Defendant CITY.

7. At all relevant times, DOES 2 through 10, inclusive, are those persons or entities whose used force against MAGANA and/or who integrally participated in and/or failed to intervene in the use of force against MAGANA, and who therefore proximately caused the injuries and damages alleged herein. The true names and/or capacities of Defendants DOES 2 through 10, inclusive, and each of them, are presently unknown to Plaintiff, who therefore sues said defendants by their fictitious names. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

8. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency with and employment by the CITY, with the full knowledge and consent, either expressed or implied, of their principal and/or employer (CITY) and each of the defendants approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts an/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

9. This civil action is brought to redress alleged deprivations of the Plaintiff's and the decedent's federal constitutional rights as protected by 42

U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, California common law, the California Constitution, and the Bane Act. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County, California.

10. Plaintiff JOSE MAGANA timely filed a California Tort Claim on October 19, 2018. The City of Los Angeles rejected that claim on October 31, 2018.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

12. On June 9, 2018, MAGANA was transported to Adventist Health White Memorial Hospital after having suffered a seizure while in police custody.

13. While in-patient in a hospital room, Defendant OFFICER MARIO MORALES shot and killed MAGANA. On information and belief, MAGANA was unarmed, outnumbered, was in a state of medical distress, required medical treatment, was not in the process of committing a crime, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury to anyone at the time of the shots.

14. After he was shot, MAGANA remained alive for an appreciable period of time such that he experienced pre-death pain and suffering as a result of being shot. MAGANA ultimately suffered the loss of his life and the loss of enjoyment of his life as a result of the use of force against him. JOSE MAGANA suffered the loss of MAGANA'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.

# FIRST CAUSE OF ACTION

## Fourth Amendment Excessive Force, 42 U.S.C. §1983

15. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

16. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

17. Defendant OFFICER MARIO MORALES and DOES 2-10 violated MAGANA'S Fourth Amendment right when they used excessive and unreasonable force against him by shooting MAGANA when he was unarmed, outnumbered, was in a state of medical distress, required medical treatment, was not in the process of committing a crime, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury to anyone at the time of the shots.

18. The use of deadly force against MAGANA was not objectively reasonable because MAGANA posed no immediate threat of death or serious bodily injury to the Defendants or anyone else at the time of the shots and there were several less lethal alternative means of apprehending MAGANA without using deadly force. On information and belief, no warning was given prior to shooting MAGANA.

19. Defendant OFFICER MARIO MORALES and DOES 2-10 are liable for the excessive and unreasonable force used against MAGANA because each defendant directly participated, integrally participated, and/or failed to intervene in the violation of MAGANA'S constitutional rights.

20. As a direct and proximate result of the violation of MAGANA'S constitutional rights, MAGANA experienced pre-death pain and suffering, ultimately suffered the loss of his life, and he also suffered the loss of enjoyment of his life. JOSE MAGANA therefore seeks survival damages under this claim in his capacity

as successor in interest to MAGANA.

21. In shooting MAGANA, when he was unarmed, outnumbered, was in a state of medical distress, required medical treatment, was not in the process of committing a crime, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury, Defendant OFFICER MARIO MORALES acted with malice, oppression, and/or in reckless disregard of MAGANA'S rights.  JOSE MAGANA therefore seeks punitive damages against Defendant OFFICER MARIO MORALES.

22. Plaintiff also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

## SECOND CAUSE OF ACTION

### Fourteenth Amendment Interference with Familial Relations 42 U.S.C. §1983

23. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

24. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationship of MAGANA.

25. Defendant OFFICER MARIO MORALES, acting under color of state law, violated JOSE MAGANA'S Fourteenth Amendment right to be free from unwarranted interference with his familial relationship with MAGANA when he used excessive and unreasonable force, causing MAGANA'S death.

26. Defendant OFFICER MARIO MORALES and DOES 2-10 are liable for the violation of JOSE MAGANA'S Fourteenth Amendment right because each defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against MAGANA.

27. As a direct and proximate cause of Defendants' conduct, JOSE MAGANA suffered the loss of MAGANA'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance. JOSE MAGANA therefore seeks compensatory damages under this claim in his individual capacity.

28. Defendant OFFICER MARIO MORALES and DOES 2-10 acted with malice, oppression, and/or in reckless disregard of MAGANA'S rights. JOSE MAGANA therefore seeks punitive damages against Defendant OFFICER MARIO MORALES and DOES 2-10.

29. Plaintiff also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

## THIRD CAUSE OF ACTION

### Municipal Liability – Ratification (42 U.S.C. § 1983)

30. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

31. Defendant OFFICER MARIO MORALES and DOES 2-10 acted under color of law.

32. The acts of Defendant OFFICER MARIO MORALES and DOES 2-10 deprived decedent and Plaintiff of their particular rights under the United States Constitution.

33. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant OFFICER MARIO MORALES and DOES 2-10, ratified the actions of Defendant OFFICER MARIO MORALES and DOES 2-10 and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the acts by Defendant OFFICER MARIO MORALES and DOES 2-10.

34. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant OFFICER MARIO MORALES and DOES 2-10 were "within policy." Upon further information and belief, a final policymaker has determined (or will determine) that the acts of Defendant OFFICER MARIO MORALES and DOES 2-10 do not warrant that any re-training or disciplinary measures be taken against these individual officers.

35. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance. The aforementioned acts and omissions also caused MAGANA'S pre-death pain and suffering, loss of enjoyment of life, and death.

36. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

37. Plaintiff brings this claim for survival damages in his capacity as successor-in-interest to MAGANA and in his capacity as an individual for wrongful death damages. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION
### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

38. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

38. Defendant OFFICER MARIO MORALES and DOES 2-10 acted under color of law.

39. The acts of Defendant OFFICER MARIO MORALES and DOES 2-10 deprived Plaintiff and decedent of their particular rights under the United States Constitution.

40. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

41. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

42. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff and decedent's rights by Defendant OFFICER MARIO MORALES and DOES 2-10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff and decedent's rights as to be the moving force that caused their ultimate injuries.

43. On information and belief, CITY failed to train Defendant OFFICER MARIO MORALES and DOES 2-10 properly and adequately.

44. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.  The aforementioned acts and omissions also caused MAGANA'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

45. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

46. Plaintiff brings this claim for survival damages in his capacity as successor-in-interest to MAGANA and in hia capacity as an individual for wrongful death damages.  Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

47. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

48. Defendant OFFICER MARIO MORALES and DOES 2-10 acted under color of law.

49. Defendant OFFICER MARIO MORALES and DOES 2-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

50. On information and belief, Defendant OFFICER MARIO MORALES and DOES 2-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MAGANA'S death.

51. Defendant OFFICER MARIO MORALES and DOES 2-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

 (a) Using excessive force, including excessive deadly force;

 (b) Providing inadequate training regarding the use of deadly force;

 (c) Employing and retaining as police officers individuals such as Defendant OFFICER MARIO MORALES, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

 (d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendant OFFICER MARIO MORALES and Defendant DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

 (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and

        controlling misconduct by Defendant OFFICER MARIO MORALES and DOES 2-10;

(f) Failing to adequately discipline CITY police officers, including Defendant OFFICER MARIO MORALES and DOES 2-10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and

recommend officers for criminal prosecution who participate in shootings of unarmed people.

52. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.  The aforementioned acts and omissions also caused MAGANA'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

53. Defendants CITY, OFFICER MARIO MORALES and DOES 2-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

54. The following are only a few examples of continued misconduct by officers working for Defendant CITY.  These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

   a) *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx).  A unanimous jury awarded Mr. Contreras $5,700,000 after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

   b) *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA.  A unanimous jury awarded the plaintiffs $3,215,000 after finding that

the involved LAPD officers' use of deadly force was excessive and unreasonable.

c) *Navas, et al. v. City of Los Angeles, et al.*, case number CV15-09515 SVW (JCx). The City determined that the LAPD officer's use of deadly force against Sergio Navas was excessive and unreasonable and outside City policy.

d) *Mears, et al. v. City of Los Angeles, et al.*, case number 2:15-cv-08441-JAK-AJW. A unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers, and awarded the plaintiffs a total of $5,500,000 after finding that the involved officers' use of deadly force was excessive and unreasonable.

55. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant OFFICER MARIO MORALES and DOES 2-10 acted with intentional, reckless, and callous disregard for the life of MAGANA and for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, OFFICER MARIO MORALES and DOES 2-10 were affirmatively linked to and were a significantly influential force behind the injuries of MAGANA and Plaintiff.

56. Accordingly, Defendant CITY and Defendant OFFICER MARIO MORALES and are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

57. Plaintiff brings this claim for survival damages in his capacity as successor-in-interest to MAGANA and in his capacity as an individual for compensatory damages. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

# SIXTH CLAIM FOR RELIEF

## Battery – Survival/Wrongful Death

58. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

59. Defendant OFFICER MARIO MORALES and DOES 2-10 while acting within the course and scope of their employment as LAPD officers, intentionally shot MAGANA multiple times and used unreasonable and excessive force against him. Defendant OFFICER MARIO MORALES and DOES 2-10 had no legal justification for using force against MAGANA, and their uses of force while carrying out their duties as LAPD officers were unreasonable and non-privileged.

60. As a result of the actions of Defendant OFFICER MARIO MORALES and DOES 2-10, MAGANA died. The unreasonable and excessive force also caused Plaintiff to suffer the loss of MAGANA'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

61. CITY is vicariously liable for the wrongful acts of Defendant OFFICER MARIO MORALES and DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

62. The conduct of Defendant OFFICER MARIO MORALES and DOES 2-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary

SECOND AMENDED COMPLAINT FOR DAMAGES

and punitive damages as to Defendant OFFICER MARIO MORALES and Defendants DOES 2-10.

63. Plaintiff brings this claim as MAGANA'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival damages for the violation of MAGANA'S rights and wrongful death damages for the loss of relationship with MAGANA. Plaintiff also seeks attorney's fees under Cal. Civ. Code §1021.5.

## SEVENTH CLAIM FOR RELIEF
### Negligence (Survival/Wrongful Death)

64. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

65. Police officers, including Defendant OFFICER MARIO MORALES and DOES 2-10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

66. Defendant OFFICER MARIO MORALES and DOES 2-10 breached this duty of care. The actions and inactions of Defendants OFFICER MARIO MORALES and DOES 2-10 were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent use of force, including deadly force, against DECEDENT;

-15-

SECOND AMENDED COMPLAINT FOR DAMAGES

(e) the failure to properly train and supervise employees, both professional and non-professional, including OFFICER MARIO MORALES and DOES 2-10;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) the negligent handling of evidence and witnesses; and

(h) the negligent communication of information during the incident.

67. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

68. CITY is vicariously liable for the wrongful acts of Defendant OFFICER MARIO MORALES and DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69. Plaintiff brings this claim as MAGANA'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival damages for the violation of MAGANA'S rights and wrongful death damages for the loss of relationship with MAGANA. Plaintiff also seeks attorney's fees under Cal. Civ. Code §1021.5.

///

///

///

# EIGHTH CLAIM FOR RELIEF

## (Violation of Cal. Civil Code § 52.1)

70. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

71. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violence in reckless disregard a person's rights under the state and federal constitutions.

72. On information and belief, Defendant OFFICER MARIO MORALES and DOES 2-10, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification.

73. When Defendant OFFICER MARIO MORALES and DOES 2-10 shot DECEDENT, they acted with a specific intent to use unreasonable force, or with a reckless disregard for and in violation of MAGANA'S rights under the state and federal constitutions to be free from excessive force. Defendant OFFICER MARIO MORALES and DOES 2-10 "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances. It is not necessary for the defendants to have been "thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018)

74. The conduct of Defendant OFFICER MARIO MORALES and DOES 2-10 was a substantial factor in causing MAGANA'S death.

75. CITY is vicariously liable for the wrongful acts of Defendant OFFICER MARIO MORALES and DOES 2-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is

-17-

liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior*.

77. The conduct of Defendant OFFICER MARIO MORALES and DOES 2-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants OFFICER MARIO MORALES and DOES 2-10.

78. Plaintiff brings this claim as MAGANA'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of MAGANA'S rights. Plaintiff also seeks attorney's fees under the Bane Act.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For survival damages under state law in a sum according to proof at trial;
2. For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;
3. For wrongful death damages under state and federal law, in a sum according to proof at trial;
4. For costs of suit and pre and post-judgment interest;
5. For attorneys' fees under §1021.5, §52.1, and §1988;
6. For punitive damages as provided under state and federal law against the individual defendants, in a sum according to proof at trial;
7. For such other and further relief as the court may deem just, proper, and appropriate.

Dated: January 15, 2020                LAW OFFICES OF DALE K. GALIPO

                                       /s Eric Valenzuela
                                       Dale K. Galipo
                                       Eric Valenzuela
                                       Attorneys for Plaintiff Jose Magana

SECOND AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff Jose Magana hereby demands a trial by jury.

Dated: January 15, 2020          LAW OFFICES OF DALE K. GALIPO

/s Eric Valenzuela
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiff Jose Magana