UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Dale Galipo
Eric Valenzuela

Attorneys Present for Defendants:
Colleen Smith
Cory Brente

**Proceedings:** DEFENDANTS' MOTIONS *IN LIMINE* (Dkts. 48, 49 and 50, filed on February 1, 2021)

DEFENDANTS' MOTION TO TRIFURCATE LIABILITY, DAMAGES AND MONELL CLAIMS (Dkt. 51, filed on February 1, 2021)

PLAINTIFF'S MOTIONS *IN LIMINE* (Dkts. 53 and 54, filed on February 1, 2021)

## I.   INTRODUCTION AND BACKGROUND

On April 30, 2019, plaintiff Jose Magana, individually and as successor in interest to Omar Magana, filed suit against defendants the City of Los Angeles ("City") and Does 1 through 10. Dkt. 1 ("Compl."). On January 15, 2020, plaintiff filed the operative Second Amended Complaint adding defendant Officer Mario Morales of the Los Angeles Police Department ("LAPD"). Dkt. 34 ("SAC"). The SAC alleges claims for: (1) excessive force in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983 ("Section 1983") (claim one); (2) interference with familial relations in violation of the Fourteenth Amendment, pursuant to Section 1983 (claim two); (3) municipal liability (ratification), pursuant to Section 1983 (claim three); (4) municipal liability (failure to train), pursuant to Section 1983 (claim four); (5) municipal liability (unconstitutional custom or practice), pursuant to Section 1983 (claim five); (6) battery (survival/wrongful death) (claim six); (7) negligence (survival/wrongful death) (claim seven); and (8) violation of Cal. Civ. Code § 52.1 (claim eight). Id. ¶¶ 15–78. Claims three, four and five are alleged against the City based on Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell"). See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

Dkt. 65, Plaintiff's Memorandum of Contentions of Fact and Law ("Plt. Fact and Law Memo."), at 1–2.

Plaintiff's claims arise from the fatal shooting of Omar Magana by Morales on June 9, 2018. SAC ¶ 1. Omar Magana had been transferred to Adventist Health White Memorial Hospital in Los Angeles, California after suffering a seizure in police custody. Id. ¶ 12. Morales and Officer Ruben Zaragoza were assigned to guard Omar Magana while at the hospital. Dkt. 53-2 at 24. Plaintiff alleges that, while in in-patient care at the hospital, Omar Magana was shot and killed by Morales. SAC ¶ 13. Plaintiff further alleges that Omar Magana was unarmed and in a state of medical distress when he was shot, and that his shooting was unjustified. Id. Defendants contend Omar Magana reached for Zaragoza's firearm and that he posed an imminent threat to the safety of those around him. Dkt. 56 at 4. Plaintiff is Omar Magana's father. SAC ¶ 3.

On February 1, 2021, defendants filed three motions *in limine*, dkts. 48–50, and a motion to trifurcate liability, damages and Monell claims, dkt. 51. That same day, plaintiff filed two motions *in limine*, dkts. 53, 54. On February 8, 2021, defendants opposed, dkts. 56, 57; and plaintiff opposed, dkts. 60–63. The parties did not file replies.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The "failure to specify the evidence" that a motion *in limine* "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions *in limine*." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion *in limine* does not necessarily mean

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (citation omitted).

## III.  DISCUSSION

### A.  Defendants' MIL #1

Defendants move *in limine* to "exclude[e] evidence concerning any other claims, lawsuits, settlements, verdicts, judgments, complaints, LAPD administrative investigations or proceedings, including the Force Investigation Division ('FID') investigation and report, and/or other alleged incidents (including but not limited to the so-called 'Rampart Scandal,' Consent Decree, Christopher Commission and so-called 'Code of Silence') concerning any of the Defendants or any other member of law enforcement." Dkt. 48 ("Def. MIL 1") at 1. The objections are based on Federal Rules of Evidence 401, 402, 403, 404 and 407.[1] Plaintiff opposes. Dkt. 60 ("Opp. to Def. MIL 1").

The Court concludes that, with the exception of evidence of the outcomes in Herrera v. City of Los Angeles, No. 2:16-CV-02719-DSF-SK (C.D. Cal.), and Sodenberg v. City of Los Angeles, No. 2:18-CV-3861-FMO-JPR (C.D. Cal.), which, subject to approval of the Court, may be offered to impeach expert testimony, all other evidence relating to the above-mentioned incidents and reports is irrelevant with regard to defendants' liability and damages. Accordingly, the Court **GRANTS in part** defendants' motion in limine and precludes evidence of unrelated claims, lawsuits (other than Herrera and Sodenberg, as discussed above), settlements, verdicts, judgments, complaints, LAPD administrative investigations or proceedings, including the Force Investigation Division ("FID") investigation and report, and other alleged incidents (including but not limited to the so-called "Rampart Scandal," Consent Decree, Christopher Commission and so-called "Code of Silence") concerning defendants or any other member of law enforcement from introduction into evidence during the liability and damages phases of the trial. However, the Court **reserves judgment** as to defendants' motion to exclude these incidents and

---

[1] Unless otherwise specified, all rules mentioned herein refer to the Federal Rules of Evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

reports from the Monell phase of trial; the motion may be renewed on a case-by-case basis at trial.

Finally, to the extent that any party seeks to offer evidence pursuant to Rule 404(b), or argue that it is inadmissible under Rule 404(b) or Rule 407, the Court is unable to rule at this time because no party has proffered what specific evidence is at issue. The Court **reserves judgment** on this question until the time of trial or until a party proffers specific evidence.

Accordingly, the Court **GRANTS in part** and further **reserves judgment** on defendants' first motion *in limine*.

**B.     Defendants' MIL # 2**

Defendants move *in limine* to exclude evidence "concerning any national events and media involving law enforcement, including but not limited to Rodney King, 'Los Angeles May Day,' the Ferguson incident, Eric Garner, Freddie Gray, Ezell Ford, George Floyd or any protests concerning the police," as well as "any evidence concerning any national, regional or local statistics regarding the number of deaths of civilians in officer involved shootings." Dkt. 49 ("Def. MIL 2") at ii. The objections are based on Rules 401, 402, 403 and 404. Plaintiff opposes. Dkt. 61 ("Opp. to Def. MIL 2").

The Court concludes that evidence of unrelated, high-profile shootings at the hands of police officers is irrelevant and unfairly prejudicial. Dominguez v. City of Los Angeles, No. CV-17-4557 DMG (PLAx), 2018 WL 6164278, at *14 (C.D. Cal. Oct. 9, 2018) ("Other incidents involving law enforcement and the use of deadly force, [] are irrelevant to Medina's liability in the instant case." (citation omitted)). Accordingly, the Court **GRANTS in part** defendants' motion *in limine* to exclude evidence concerning national events and media coverage involving law enforcement including the Ferguson incident, Eric Garner, Freddie Gray, Ezell Ford, George Floyd and related protests from the trial. However, the Court requests at oral argument that the defendants describe what categories of statistical evidence they seek to preclude.

**C.     Defendants' MIL #3**

Defendants move *in limine* to exclude expected testimony from plaintiff's police practices expert on the grounds that the opinions "are irrelevant, lack foundation, lay, speculative, conclusory, prejudicial, based on hearsay and draw legal conclusions." Dkt. 50 ("Def. MIL 3) at 1. Plaintiff opposes. Dkt. 62 ("Opp. to Def. MIL 3").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

Plaintiff's police practices expert, Roger Clark, has prepared a Rule 26 report detailing the opinions he has reached regarding Omar Magana's shooting. Dkt. 52, Declaration of Colleen R. Smith ("Smith Decl."), Exh. B ("Clark Report"). The Clark Report lists nine opinions reached by Clark. Id. at 23–25. Defendants challenge several of these, which the Court summarizes as follows:

(1) Officer Morales' use of deadly force was "unreasonable, excessive, and violated POST [Peace Officer Standards and Training] standards" (opinions 1 and 3);

(2) Omar Magana "was not an immediate threat of death or serious bodily injury to Morales, Zaragoza or anyone else at the time of the shooting" (opinion 2);

(3) The shooting "was clearly egregious, was deliberately indifferent to [Omar] Magana's rights and not related to a legitimate law enforcement objective" (opinion 4);

(4) "Morales' pre-shooting tactics were poor including not giving any commands to [Omar] Magana, [and] not giving a verbal warning that deadly force would be used prior to the shooting" (opinions 5 and 6); and

(5) "This is not the first hospital involved shooting that LAPD officers have been involved in and in a prior jury trial involving a hospital shooting, the jury found that the officers' use of deadly force was excessive and unreasonable. Further, it is my understanding that the involved officers were not disciplined or re-trained and that the use of deadly force was ratified" (opinion 9).

Id.

The Court concludes that Clark may opine as to POST standards and whether or not Morales' or Zaragoza's actions comported with those standards. Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (holding jury could rely on expert testimony as to whether police conduct comported with POST standards). However, Clark is not permitted to offer legal conclusions, which are the province of the jury. See Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 (9th Cir. 2002), overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014) ("Federal Rule of Evidence 704(a) provides that expert testimony that is 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' However, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." (emphasis in original) (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' objections to Clark's expected testimony.

Finally, defendants make numerous hypothetical objections to Clark's providing testimony regarding other witnesses' credibility or the officers' or Omar Magana's mental state, and further argue that Clark should be prohibited from relying on hearsay statements of alleged witnesses to support his opinions. In making these objections, defendants do not set forth any specific testimony or evidence they seek to preclude. Because these matters are more properly decided at the time of trial, the Court **DENIES** these objections without prejudice to their being renewed at trial.

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' third motion *in limine*.

### D.    Defendants' Motion to Trifurcate

The parties advance various arguments as to the order in which this case should be tried. Defendants seek trifurcation of the trial such that: (1) the first phase will involve trying whether defendants are liable on plaintiff's claims against Morales, and whether defendants are liable for punitive damages; (2) the second phase will involve trying the amount of punitive and compensatory damages; and (3) the third phase will involve trying Monell claims against the City. Dkt. 51 ("Def. Mot. to Trifurcate") at 1, 3. Plaintiff responds that the trial should be bifurcated such that: (1) the first phase will involve trying whether defendants are liable on all of plaintiff's claims, including Monell claims, whether defendants are liable for punitive damages, and the amount of compensatory damages; and (2) the second phase will involve trying only the amount of punitive damages. Dkt. 63 ("Opp. to Def. Mot. to Trifurcate") at 2.

The Court will follow its general practice and try the case as follows: (1) the first phase will address liability on the claims against Morales and compensatory damages, and, to the extent necessary, determine whether Morales was guilty of "oppression, fraud, or malice," Cal. Civ. Code § 3294; and (2) the second phase will address Monell liability and what, if any, punitive damages are appropriate.

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' motion to trifurcate the trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                           'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

### E.  Plaintiff's MIL #1

Plaintiff moves *in limine* to exclude certain information about Omar Magana that was not known to Morales or Zaragoza at the time of the shooting. Dkt. 53 ("Plt. MIL 1") at 1. Defendants oppose. Dkt. 56 ("Opp. to Plt. MIL 1").

Specifically, plaintiff seeks to prohibit admission of (1) evidence of Omar Magana's prior drug use, including a toxicology report revealing that Omar Magana had methamphetamine, methadone and alcohol in his system at the time of his death, Plt. MIL 1 at 4–5; (2) evidence that a firefighter paramedic who transported Omar Magana to the hospital reportedly stated that he believed Omar Magana had faked his seizure, id. at 9; and (3) evidence of the details of the crimes for which Omar Magana was arrested, as well as his apparent attempt to escape the police car in which he was transported to Hollenbeck Jail, id. at 13. Plaintiff argues this evidence is irrelevant because it was unknown to the officers at the time of the shooting.

Plaintiff is correct that the reasonableness of an officer's use of force is to be evaluated from the perspective of the officer at the time of the incident. Graham v. Connor, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). And although the Ninth Circuit held that, "[i]n a case … where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible," Boyd v. City & Cty. of San Francisco, 576 F.3d 938, 944 (9th Cir. 2009) ("Boyd"), it has since appeared to adopt a different standard. For instance, in Hayes v. Cty. of San Diego, 736 F.3d 1223, 1233–34 (9th Cir. 2013), the court held that "we can only consider the circumstances of which Deputies King and Geer were aware when they employed deadly force." See Glenn v. Washington Cnty., 673 F.3d 864, 873 n.8 (9th Cir. 2011) (pursuant to Graham, "[w]e cannot consider evidence of which the officers were unaware"). In light of these ostensibly conflicting holdings, "numerous district courts have read Boyd as being 'limited to cases where a suicide by cop theory is being asserted or other similar circumstances where the suspect/defendant's intent is clearly at issue.'" Estate of Tindle v. Mateu, No. 18-CV-05755-YGR, 2020 WL 5760287, at *11 (N.D. Cal. Sept. 28, 2020) (listing cases).

Here, defendants have not asserted a "suicide by cop" theory, although Omar Magana's intent is arguably at issue—plaintiff argues Omar Magana did not intend to seize control of Zaragoza's weapon, see SAC ¶ 13, while defendants argue that is precisely what Omar Magana intended to do, see Opp. to Plt. MIL 1 at 4. In any event, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
|---|---|---|---|
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

the evidence is of little relevance because it was not known to the officers at the time of the shooting and thus could not factor into the determination of whether Morales used reasonable force when he shot Omar Magana. Furthermore, any probative value it might have is outweighed by the risk of unfair prejudice. Accordingly, the Court **GRANTS** plaintiff's first motion *in limine* to the extent it seeks the exclusion of the toxicology report and other evidence of prior substance abuse, evidence that Omar Magana faked his seizure, and evidence of the details of his arrest and transport to Hollenbeck Jail. To the extent the officers knew Omar Magana had been charged with robbery and assault with a deadly weapon, or that he behaved erratically or attempted to escape the police car, the Court reserves judgment until the time of trial as to the admission of this evidence.

Accordingly, the Court **GRANTS in part** and further **reserves judgment** on plaintiff's first motion *in limine*.

   F.   **Plaintiff's MIL #2**

Plaintiff moves *in limine* to exclude "evidence regarding unrelated shootings in which police were injured or killed when their weapons were taken away from them." Dkt. 54 ("Plt. MIL 2") at 3. This objection is based on Rules 401, 402 and 403. Defendants oppose. Dkt. 57 ("Opp. to Plt. MIL 2").

The Court finds evidence of particular shootings of police officers with their weapons is irrelevant to the question of liability here. Furthermore, such evidence would pose a risk of unfair prejudice to plaintiff, as well as the risk of wasting time because each incident would result in what would amount to a separate trial on the circumstances there. The Court therefore **GRANTS** plaintiff's second motion *in limine* to the extent it seeks the exclusion of evidence of other incidents in which police were shot with their own weapon.

Accordingly, the Court **GRANTS** plaintiff's second motion *in limine*.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court:

(1) **GRANTS in part** and further **reserves judgment** on defendants' motion *in limine* 1,

(2) **GRANTS in part** and further **reserves judgment** on defendants' motion *in limine* 2,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-03631-CAS-AGRx | Date | March 1, 2021 |
| Title | JOSE MAGANA, ET AL. v. CITY OF LOS ANGELES | | |

(3) **GRANTS in part** and **DENIES in part** defendants' motion *in limine* 3,

(4) **GRANTS in part** and **DENIES in part** defendants' motion to trifurcate,

(5) **GRANTS in part** and further **reserves judgment** on plaintiff's motion *in limine* 1, and

(6) **GRANTS** plaintiff's motion *in limine* 2.

IT IS SO ORDERED.

|  |  | 00 | : | 20 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |